# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: Daniel J. Zacharias,<br><br>                          Debtor. | Chapter 7<br>Bankruptcy Case No. 12-12620-CSS<br>Adv. Pro. No. 13-50865-CSS |
| John Zacharias and Darlene Zacharias,<br><br>                          Appellants,<br><br>         v.<br><br>Charles M. Foreman, Trustee,<br><br>                          Appellee. | Civil Action No. 14-933-RGA |

## **MEMORANDUM ORDER**

At Wilmington on this 23rd day of February, 2015, this matter coming before the Court upon Appellants' appeal (D.I. 1) from the May 21, 2014 Order (D.I. 1-1) of the United States Bankruptcy Court for the District of Delaware denying Appellants' Motion to Reconsider Order Denying Enforcement of Stipulation of Dismissal, and having considered the parties' papers[1] submitted in connection therewith, IT IS HEREBY ORDERED that:

The Bankruptcy Court's May 21, 2014 Order (D.I. 1-1) is **AFFIRMED**.

Background. Debtor Daniel Zacharias filed a voluntary petition for chapter 7 bankruptcy relief in the United States Bankruptcy Court for the District of Delaware on September 17, 2012. (Bankr. Case No. 12-12620, D.I. 1). On March 7, 2013, the Chapter 7 Trustee Charles M. Foreman filed an adversary complaint against Appellants John and Darlene Zacharias, seeking to recover real property that Debtor allegedly fraudulently transferred to them prior to filing for

---

[1] Pursuant to Fed. R. Bankr. P. 8019(b), the Court finds that oral argument is unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

1

bankruptcy. (Adv. Pro. No. 13-50865, D.I. 1). Ten months after filing the adversary complaint, Trustee reached an agreement with Appellants to dismiss the proceeding and filed a Stipulation of Dismissal (the "Stipulation") with the Bankruptcy Court. (Adv. Pro. No. 13-50865, D.I. 21). The Bankruptcy Court conducted a hearing on April 9, 2014. (*Id.*, D.I. 45). Creditor State Farm Insurance Company objected to the dismissal. Despite the Stipulation, Trustee argued at the hearing that the adversary proceeding should not be dismissed, adopting State Farm's position that the action could potentially recover value for the estate. (*Id.*, at p. 9). The Court declined to approve the Stipulation. (*Id.*, at p. 10). Appellants filed a Motion to Reconsider, which the Bankruptcy Court denied in its May 21, 2014 Order. (D.I. 1-1). Appellants filed a timely appeal from that Order.

Standard of Review. District courts have discretionary jurisdiction over appeals "from ... interlocutory orders and decrees." 28 U.S.C. § 158(a)(3). "Generally, the denial of a motion for reconsideration is reviewed for an abuse of discretion." *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). However, "[b]ecause an appeal from a denial of a Motion for Reconsideration brings up the underlying judgment for review, the standard of review varies with the nature of the underlying judgment." *McAlister v. Sentry Ins. Co.*, 958 F.2d 550, 552–53 (3d Cir.1992). The underlying judgment in this case is the Bankruptcy Court's denial of a proposed settlement, which is also reviewed for an abuse of discretion. *In re Martin*, 91 F.3d 389, 396 (3d Cir. 1996). An abuse of discretion exists whenever a judicial action is "arbitrary, fanciful, or unreasonable, or when improper standards, criteria, or procedures are used." *In re Am. Classic Voyages, Co.*, 298 B.R. 222, 225 (D. Del. 2003).

Contentions. Appellants argue that the Bankruptcy Court erred by declining to approve the Stipulation. (D.I. 9, at p. 2). In their view, the Stipulation with Trustee formed a binding

2

contract under Delaware law, which the Bankruptcy Court should have enforced. They request this Court reverse the Bankruptcy Court's Order and approve the Stipulation. In response, Trustee argues that Appellants' reliance on Delaware contract law is misplaced because an agreement in bankruptcy cannot be binding until it is approved by the Bankruptcy Court. (D.I. 10, at p. 10). Trustee contends that his duty to all creditors grants him the flexibility to argue against a settlement agreement he signed, if he decides that it no longer benefits the estate.

Discussion. Pre-confirmation bankruptcy settlements under Fed. R. Bankr. P. 9019 are favored in order to minimize litigation and expedite the administration of the bankruptcy estate. *In re Martin*, 91 F.3d at 393. In order to approve the settlement, the Bankruptcy Court must ultimately find that it is fair and equitable and is above the lowest point in the range of reasonableness. *In re Capmark Fin. Grp. Inc.*, 438 B.R. 471, 475–76 (Bankr. D. Del. 2010). The parties have framed the issue as whether a settlement in bankruptcy can create a binding contract before the Bankruptcy Court approves it pursuant to Rule 9019(a). (D.I. 9, at p. 7; D.I. 10, at p. 10). Courts are divided on this issue. *See In re Turner*, 274 B.R. 675, 679 (Bankr. W.D. Pa. 2002); *In re Frye*, 216 B.R. 166, 173 (Bankr. E.D. Va. 1997) (collecting cases). When faced with similar facts, the Third Circuit left open the possibility that settling parties may be bound to their agreement while it is pending Bankruptcy Court approval. *See In re Martin*, 91 F.3d at 395 (holding that "the trustee may even opt not to argue in favor of the stipulation," but also "emphasiz[ing] that . . . [it] do[es] not decide the broader issue of whether, absent intervention of a bankruptcy court, parties are bound by the terms of a settlement pending final approval of the bankruptcy court.").

This Court need not resolve the issue as framed by the parties. Even if Trustee were bound to the Stipulation, thus preventing him from opposing its approval at the April 9, 2014

3

hearing, Rule 9019 imposes an independent duty upon the Bankruptcy Court to evaluate the agreement before it can be effective. The Bankruptcy Court is not required to accept the proposed settlement merely because the parties agree to it. Rather, approval of a compromise is within the sole discretion of the Bankruptcy Court. *See In re Coram Healthcare Corp.*, 315 B.R. 321, 329 (Bankr. D. Del. 2004). As the Third Circuit has stated:

> we recognize four criteria that a bankruptcy court should consider in striking this balance: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors.

*In re Martin*, 91 F.3d at 393. Appellants allege that the Bankruptcy Court erred by: (1) allowing Trustee to unilaterally withdraw from the Stipulation, (2) failing to enforce the Stipulation as a binding contract, and (3) finding that the Stipulation was "promptly" withdrawn. None of these contentions relate to the merits of the settlement and are thus irrelevant to the specific issue on appeal. Appellants alternatively argue that the Stipulation satisfied the appropriate reasonableness standard for Rule 9019 settlements, but only support this argument by reiterating the fact that Trustee had initially agreed to that compromise. (D.I. 9, at pp. 10–11).

The Bankruptcy Court's determination of the one-sided nature of the Stipulation was not clearly erroneous. The agreement essentially surrendered a potential opportunity to recover property for the estate in return for nothing. (Bankr. Case No. 12-12620, D.I. 45, at p. 8). The Bankruptcy Court explained on the record at the April 9, 2014 hearing:

> There doesn't appear to me, frankly, that there was much in the way of a settlement, if you would, that would really be enforceable in that it's a, was a, pretty much a one way deal. No counter claims had actually been raised yet. . . . A) the stipulation of dismissal is withdrawn, and will remain withdrawn; and B) the notice of abandonment is denied, and will remain denied.

4

(Adv. Pro. No. 13-50865, D.I. 45, at p. 10). Declining to approve an unbalanced agreement such as the one in this case does not constitute an abuse of discretion.

Conclusion. The Court finds that the Bankruptcy Court's decision to deny the Stipulation of Dismissal was not an abuse of discretion. This Court will affirm the Bankruptcy Court's May 21, 2014 Order.

_/s/ Richard G. Andrews_
UNITED STATES DISTRICT JUDGE